UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CARPENTERS FRINGE BENEFITS FUNDS OF ILLINOIS, et al. | ) ) ) | |
|---|---|---|
| | ) | No. 05 C 1731 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Honorable Charles R. Norgle |
| ROYAL BUILDERS, INC., a corporation, | ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

Before the court is Defendant's Combined: (1) Rule 55(c) Motion to Vacate the Orders of June 2, 2006 and July 6, 2006; (2) Rule 59(e) Motion to Alter or Amend Judgment Entered August 30, 2006; or in the Alternative, (3) Rule 60(b)(1) Motion to Vacate Judgment Entered August 30, 2006. For the following reasons, the Motions are denied.

## I. BACKGROUND

### A. Parties and Allegations

Plaintiff in this case is the Carpenters Fringe Benefit Funds of Illinois (the "Funds"). The Funds are composed of various pension and related joint, labor-management funds. Michael T. Kucharski, Administrative Manager of the Funds, is also named as a Plaintiff in this case. Defendant Royal Builders, Inc. ("Builders") is a corporation that Plaintiffs allege is obligated to make fringe benefit contributions to the Funds, under the terms of certain "Agreements and Declarations of Trust" ("Agreements"). Plaintiffs allege that the Agreements establish and outline the administration of the Funds, pursuant to the terms of a collective bargaining agreement.

1

As an employer obligated to make fringe benefit contributions to the Funds, Builders is allegedly required to do, *inter alia*, the following: submit monthly reports to the Plaintiffs stating the names, social security numbers, and total hours worked for each employee; accompany these reports with corresponding contributions to the Funds; and to make all payroll books and records available to the Plaintiffs for the purposes of auditing those books and records. Plaintiffs allege, *inter alia*, that Builders has failed to submit the reports and contributions due to the Fund under the Agreements.

## B. Procedural History

Plaintiffs filed their Complaint against Builders, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145, on March 24, 2005. On April 26, 2005, attorneys from the law firm Berglund & Niew, P.C. (the "Firm"), including Joseph Berglund ("Berglund"), filed appearances and an answer on behalf of Builders. During the discovery phase of this action, the Funds presented Builders with a first set of interrogatories, requests for production of documents, and requests for admissions. Alleging that Builders failed to timely and fully respond to this discovery request, the Funds filed a motion to compel. The Funds set this matter for a hearing on October 21, 2005.

The day before this hearing was to take place, the Firm filed a motion to withdraw as counsel for Builders, and set this motion for a hearing on October 28, 2005. On October 21, 2005, the court granted the Funds' motion to compel. The hearing on the Firm's motion to withdraw was reset for November 18, 2005. The Firm did not appear at this hearing, but the court nevertheless granted the motion to withdraw. At that time, Builders had not yet complied with the court's order compelling complete responses to the Funds' discovery requests. On

2

December 7, 2005, the Firm filed a motion to vacate the court's order granting the Firm's motion to withdraw. The court granted the motion, and allowed Builders an additional fourteen days to comply with the Funds' discovery requests. The court, however, reminded Builders that as a corporation, it could only appear by way of counsel. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.") (citing Osborn v. President of Bank of United States, 22 U.S. 738 (1824)); Fid. Nat'l Title Ins. v. Intercounty Nat'l Title Ins. Co., 310 F.3d 537, 541 (7th Cir. 2002). On January 31, 2006, the court ordered the case referred to Magistrate Judge Brown for pretrial matters, including discovery motions and supervision. The Executive Committee formally assigned pretrial matters to Magistrate Judge Brown on February 3, 2006.

In March 2006, the Funds served its second set of requests to admit on Builders. Builders' responses to these requests were due on April 27, 2006, but Builders failed to comply with this deadline. On May 4, 2006, Plaintiffs' counsel sent a letter to Berglund, demanding that Builders either answer or object to the requests by May 10, 2006. Builders did not respond to this correspondence. On May 24, 2006, the Plaintiffs filed a motion before Magistrate Judge Brown for an order deeming as admitted all matters in the second set of requests to admit. Despite notice of this motion, Builders did not contact the Funds' counsel, or make any attempt to rectify its failure to timely submit answers or objections to the requests. In fact, Builders neglected to appear at the May 25, 2006 status hearing before Magistrate Brown. The Firm then filed its second motion to withdraw. Plaintiffs' motion to deem facts admitted, and the Firm's motion to withdraw, were both set for hearings on June 2, 2006.

The district court heard the motion to withdraw as counsel, and the court took the motion under advisement to assure that Builders would be represented by counsel pending the outcome of the hearing before Magistrate Judge Brown. Later that morning, Magistrate Judge Brown, ruling from the bench, granted the Funds' motion to deem facts admitted. On June 15, 2006, the court heard the Firm's second motion to withdraw. At that hearing, the Funds advised the court that Magistrate Judge Brown granted the motion to deem facts admitted. The court granted the Firm's motion to withdraw, but directed Berglund to advise Builders of this ruling, and specifically admonished Builders to appear by way of counsel at the next scheduled hearing on July 6, 2006. See Rowland, 506 U.S. at 201-02. Berglund complied with the court's order, and sent a letter to Builders advising Builders that (1) he had withdrawn as counsel, (2) the Funds would likely move for default judgment unless Builders immediately retained new counsel, and (3) the next hearing was July 6, 2006. Builders did not respond to this letter.

Builders did not appear at the July 6, 2006 status hearing. The court therefore took the following action. It dismissed, for want of prosecution, the Third Party claim that Builders had filed against the Chicago Regional Council of Carpenters Pension Fund (the "Regional Fund"). Builders asserted, in this Third Party Complaint, that it mistakenly made contributions to the Regional Fund rather than to the Plaintiff Funds, and prayed that the court order the Regional Fund to return these contributions to Builders. The court also granted the Funds' oral motion for entry of default against Builders, and set a prove-up hearing for August 21, 2006. The court later rescheduled the prove-up hearing to August 28, 2006.

On August 22, 2006, Plaintiffs moved the court for Default Judgment in the amount of $387,870.36. This motion was accompanied by the sworn affidavit of Michael E. Pieklo,

4

Collections Department Manager for the Funds. In his Affidavit, Pieklo indicated that a Certified Public Accounting firm had performed an audit on Defendant's payroll books and records, and attested to the sums due to the Funds. This motion was also accompanied by audit reports of Defendant's books compiled by the accounting firm. On August 25, 2006, attorney Herman Marino filed his appearance on behalf of Builders. Through its new counsel, Builders filed a motion to vacate the court's orders of June 2, 2006, and July 6, 2006. The court denied these motions, and granted Plaintiffs' motion for Default Judgment in the amount of $387,870.36, on August 28, 2006.

On September 12, 2006, Defendant filed the instant Combined: (1) Rule 55(c) Motion to Vacate the Orders of June 2, 2006 and July 6, 2006; (2) Rule 59(e) Motion to Alter or Amend Judgment Entered August 30, 2006; or, in the Alternative, (3) Rule 60(b)(1) Motion to Vacate Judgment Entered August 30, 2006.[1] The Motions are fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

As the court has noted, Defendant has filed its instant Motions pursuant to three separate Federal Rules of Civil Procedure: 55(c), 59(e), and 60(b)(1). Rule 55(c) provides "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 59(e) indicates that "[a]ny motion to alter or amend judgment shall be filed no later than 10 days after entry of the judgment." Rule 60(b)(1) provides that "the court may relieve a party . . . from a final judgment,

---

[1] The Default Judgment was not formally entered on the case docket until August 30, 2006.

5

order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ."

The Seventh Circuit has indicated that Rule 59(e) motions should only be granted under very specific circumstances. "The only grounds for a Rule 59(e) motion . . . are newly discovered evidence, an intervening change in the controlling law, and manifest error of [fact or] law." Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). Rule 59(e) "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment . . . or to present evidence that was available earlier." LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995).

In the context of motions to vacate entry of default, or to vacate default judgment, Rules 55(c) and 60(b) interact in such a way as to provide district court judges with a standard with which to adjudicate these motions. The standard is as follows: "[i]n order to have an entry of default vacated, the moving party must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." Sun v. Bd. of Trustees of the Univ. of Ill., No 06-2438, slip op. at 18 (7th Cir. Jan. 16, 2007) (citing Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994)); Jones v. Phipps, 39 F.3d 158, 162 (7th Cir. 1994). The Seventh Circuit has indicated that while "[t]his standard was originally formulated to evaluate a district court's decision concerning a motion to vacate an *entry* of

default under Rule 55(c)," this standard "was eventually applied to structure decisions involving motions to set aside default *judgments* under Rule 60(b)." Jones, 39 F.3d at 162 (internal citations omitted).

The Seventh Circuit has wrestled with the question of precisely how district courts are to apply this standard to motions challenging the mere entry of default, as opposed to motions challenging default judgments. At times, the Appellate Court seems to indicate that the standard ought to be applied in the same manner in both sorts of motions. "Because 'the standard to set aside an entry of default under Rule 55(c) is essentially the same as the standard for vacating a default judgment under Rule 60(b),' any practical impact regarding how we construe the motion is negligible." Davis v. Hutchins, 321 F.3d 641, 646 n.2 (7th Cir. 2003) (quoting Chrysler Credit Corp. v. Macino, 710 F.2d 363, 367 (7th Cir. 1983)); Connecticut Nat'l Mortgage Co. v. Brandstatter, 897 F.2d 883, 885 (7th Cir. 1990) ("It is true that relief from a default order requires a showing of good cause . . . , that 'good cause' is not sharply distinguishable from 'excusable neglect,' if it is distinguishable at all."). At other times, however, district courts are instructed that

> [w]hile the tests [for whether to vacate an entry or judgment of default] are identical under either Rule 55(c) or Rule 60(b), respect for the finality of judgments results in the application of the test under Rule 60(b) circumstances – where a default *judgment* has been entered – to be much more limited and stringent.

Jones, 39 F.3d at 162. "[R]elief from a default judgment requires a stronger showing of excuse than relief from a mere default order." Brandstatter, 897 F.2d at 885; Sims v. EGA Prods., Inc., No. 06-1057, slip op. at 6 (7th Cir. Jan. 24, 2007) ("Rule 55(c) uses the 'good cause' standard for relief before judgment has been entered, while referring to the standard under Rule 60(b) for

7

relief after judgment. Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the 'good cause' standard in Rule 55(c) must be easier to satisfy.").

The Seventh Circuit is well aware that its instructions to district courts regarding vacating entries of default and default judgments are not crystal clear. The absence of a "bright-line rule" in these cases is intentional.

> The standards contained in the cases are justifiably vague, requiring extraordinary circumstances as a sufficient condition to justify disturbing a default judgment, or at least the absence of any willful disregard for duties, simple carelessness, or negligence before a default judgment will be vacated. We say justifiably vague because, consonant with our deferential standard of review on these matters, the district court is given great latitude in assessing the circumstances of the individual case to discern if either good cause or excusable neglect exists.

Jones, 39 F.3d at 164 (internal citations omitted).

In addition to the above standard, the concept of "willful neglect" plays an important role in determining whether to grant a party relief from an entry or judgment of default. The Seventh Circuit has little sympathy for defendants who willfully refuse to play by the rules.

> The common thread running through all the decisions is that the ruling on a rule 60(b) motion to vacate a default judgment should depend largely on the willfulness of the defaulting party's actions. Where it appears that the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court, this circuit has repeatedly upheld the trial court's denial of a rule 60(b) motion.

C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984). "'An appellate court will not reverse the denial of Rule 60(b) relief when entry of the default judgment resulted from the defaulting party's willful refusal to comply with the minimum standards of conduct expected of all litigants.'" Davis, 321 F.3d at 646 (quoting Hal Commodity Cycles Mgmt. Co. v. Kirsh, 825 F.2d 1136, 1138 (7th Cir. 1987)).

8

## B. Defendant's Motions

Defendant moves the court for the following relief. First, Builders moves the court to vacate the June 2, 2006 order of Magistrate Judge Brown deeming certain facts admitted. Builders categorizes Magistrate Judge Brown's order as a "default" order, and asks the court to vacate this order pursuant to Rule 55(c). Second, Builders moves the court, pursuant to Rule 55(c), to vacate the Order of Default and Dismissing the Third Party Complaint entered by the district court on July 6, 2006. Finally, Builders moves the court, pursuant to Rule 59(e), or, in the alternative, Rule 60(b)(1), to vacate the court's August 28, 2006 Default Judgment.

As to Defendant's first Motion, the court first notes that Magistrate Judge Brown's order deeming certain facts admitted was not an entry of default or a default judgment. The district court merely referred nondispositive pretrial matters to Magistrate Judge Brown, and Magistrate Brown issued a ruling on one of the issues before her. The fact that Defendant did not respond to Plaintiffs' Motion for Deemed Admissions, and failed to appear at the hearing on this Motion, does not indicate that Magistrate Brown's order granting Plaintiffs' Motion was an entry or judgment of default against Defendant. See FED. R. CIV. P. 55. If Defendant wished to challenge Magistrate Brown's ruling on this Motion, Defendant should have filed, with the district court, an objection to that ruling pursuant to Rule 72(a). Rule 72(a) provides, in part, "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." The case docket reveals no Rule 72(a) objection to Magistrate Brown's order of June 2, 2006 deeming certain facts admitted. Defendant's Motion pursuant to Rule 55(c) to vacate Magistrate Brown's June 2, 2006 order is therefore denied.

9

Defendant's second Motion, to vacate the Order of Default and Dismissing the Defendant's Third Party Claim, is brought pursuant to Rule 55(c). As the court has indicated, the standard for determining whether to vacate a default order is as follows: "[i]n order to have an entry of default vacated, the moving party must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." Sun., slip op. at 18; Jones, 39 F.3d at 162.

In this case, the court determines that there is no good cause for Defendant's default. Builders has not conducted itself during this case with the diligence required of litigants in the Northern District of Illinois. It failed to timely and fully respond to initial discovery requests, resulting in the court's granting of Plaintiffs' Motion to Compel. The Firm failed to appear at a hearing on its own motion to withdraw. Builders failed to respond to, or appear at the hearing for, Plaintiffs' second set of requests to admit, ultimately resulting in Magistrate Judge Brown's order deeming certain facts admitted. It failed to properly object to Magistrate Brown's order. After being advised by former counsel that a default judgment was imminent unless it took action, and after being admonished by the court to appear by way of counsel, Builders failed to appear at the hearing at which the court granted the Funds' Motion for Default. It appears "'that [Builders] has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court.'" See Davis, 321 F.3d at 646 (quoting C.K.S. Engineers Inc., 726 F.2d at 1205). The court therefore finds that Defendant's inaction in this case amounts to a "willful refusal to litigate the case properly." See Davis, 321 F.3d at 646.

The court has thus dispositively determined that Builders has no good cause for its default. In addition, however, the court notes that it is not clear that Builders has a meritorious

defense to this case. Builders asserts that instead of making payments to the Plaintiff Funds, it instead mistakenly made some payments to the Regional Fund. Whether Builders has or has not mistakenly made payments to another fund cannot be a defense to the question of whether Builders has fulfilled its obligation to the Plaintiff Funds under the Agreements. Builders' Motion to vacate the Order of Default and Dismissing the Defendant's Third Party Claim is therefore denied.

As to Builders' third Motion, to Vacate the Default Judgment formally entered on the case docket on August 30, 2006, the court reiterates the Seventh Circuit's admonition that "relief from a default judgment requires a stronger showing of excuse than relief from a mere default order." Brandstatter, 897 F.2d at 885. Since Builders has not presented the court with convincing reasons to vacate its default order, it clearly cannot meet the higher standard the Seventh Circuit requires to obtain relief from a default judgment under either Rule 59(e) or 60(b)(1). See id. Builders' Motion to Vacate the entry of Default Judgment entered on August 30, 2006 is therefore denied.

Finally, the court addresses Defendant's assertion that at least part of its neglect of this litigation can be attributed to its first attorney's inaction. The court expresses no opinion as to whether the performance of the Firm or Berglund was adequate prior to the Firm's withdrawal in this case. The court reminds Defendant, however, that it is settled law in the Seventh Circuit that "an attorney's conduct must be imputed to his client in *any* context." United States v. DiMucci, 879 F.2d 1488, 1495 (7th Cir. 1989); Tolliver v. Northrop Corp., 786 F.2d 316, 319 (7th Cir. 1986) ("Although [Defendant] blames [its] lawyer for the failure, a litigant is bound by [its] lawyer's acts . . . Holding the client responsible for the lawyer's deeds ensures that both clients

and lawyers take care to comply."). The failures of the Firm and Berglund, if indeed, there were any, therefore provide no reason for the court to vacate its entry and judgment of default in this case.

### III. CONCLUSION

For the foregoing reasons, Defendant's Combined: (1) Rule 55(c) Motion to Vacate the Orders of June 2, 2006 and July 6, 2006; (2) Rule 59(e) Motion to Alter or Amend Judgment Entered August 30, 2006; or, in the Alternative, (3) Rule 60(b)(1) Motion to Vacate Judgment Entered August 30, 2006 are denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

Dated: February 2, 2007