IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARPENTERS FRINGE BENEFIT )
FUNDS OF ILLINOIS and )
MICHAEL T. KUCHARSKI, as )
Administrative Manager, ) No. 05 C 1731
)
Plaintiffs, )
) Honorable Charles R. Norgle
v. )
)
ROYAL BUILDERS, INC., )
)
Defendants. )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court are Plaintiff Carpenters Fringe Benefit Funds of Illinois's and Plaintiff Michael T. Kucharski's (collectively, "Plaintiffs") motions for entry of a turn-over of funds order against Citation Respondents Centex Homes Corp. ("Centex") and Krause Construction Services, Inc. ("Krause") (collectively, "Respondents"). Also before the Court is Defendant Royal Builders, Inc.'s ("Royal") motion to stay entry of turnover orders pending a ruling by the United States Court of Appeals for the Seventh Circuit. For the following reasons, the Court finds: Plaintiff's motion is granted as to Respondent Krause; Plaintiff's motion remains under advisement with instructions as to Respondent Centex; and Royal's motion to stay is denied.

## I. BACKGROUND

On August 28, 2006 Plaintiffs obtained a judgment against Royal in the amount of $387,870.36 for failing to pay union wages and other agreed benefits. On December 21 and 22, 2006, respectively, the Plaintiffs issued citations to discover assets to two of Royal's outstanding debtors, Centex and Krause. Royal's assets included accounts receivable from Centex and

Krause, and thus the Plaintiffs sought to collect those receivables as property owed to the judgment debtor, Royal.

On January 17, 2007 Centex answered the citation, admitting that it was in possession of $212,336.00 which was then due and owing to Royal, subject to various setoffs, including any amounts owed to subcontractors, suppliers, material men and other potential mechanical lien claimants. On January 31, 2007 Krause answered the citation, also admitting that it was in possession of $11,384.00 which was then due and owing to Royal, subject to the same setoffs that Centex asserted.

On February 2, 2007 this Court denied Royal's motion to vacate the judgment against it, and on February 5, 2007 the Court denied Royal's motion to limit the citation or to stay enforcement of the judgment as moot. On February 12, 2007 Royal filed its notice of appeal the denial of the motion to vacate the default judgment. Royal did not, however, post a supersedeas bond upon filing the notice of appeal or after obtaining the order allowing the appeal. This Court was neither presented with nor did it approve the posting of a bond prior to the appeal. The appeal is currently pending before the Seventh Circuit.

Meanwhile, in light of the Respondents' answers to the citations to discover assets, Plaintiffs filed the instant motions, seeking to require the Respondents to turn over immediately any amounts due and owing to Royal. Centex objected to the entry of such an order, while Krause failed to respond. Royal also objected to the turn-over orders and purported to do so on behalf of itself and the Respondents, including the silent party, Krause. The motions are fully briefed and before the Court.

## II. DISCUSSION

### A. STANDARD OF REVIEW

To enforce a money judgment, Fed. R. Civ. P. 69(a)(1) "instructs the court to utilize the practice and procedure of the state in which the district court is located for guidance." Laborers' Pension Fund v. Dirty Work Unlimited, Inc., 919 F.2d 491, 494 (7th Cir. 1990). In light of Rule 69(a), Illinois law governs actions by judgment creditors to recover funds owed by a third party to the judgment debtor. See Lawyers Title Ins. Corp. v. Dearborn Title Corp., 939 F.Supp. 611, 615 (N.D. Ill. 1996). Under Illinois law, 735 ILL. COMP. STAT. § 5/2-1402(b)(3), courts are empowered to compel a third party indebted to the judgment debtor to deliver up assets discovered pursuant to a citation if those assets are held under circumstances in which the judgment debtor could recover them in an appropriate action. Bentley v. Glenn Shipley Enterprises, 248 Ill. App. 3d 647, 651 (4th Dist. 1993); see Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1226 (7th Cir. 1993).

When a judgment creditor directs a citation to discover assets against a third party, the citation becomes a lien "upon all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation." 735 ILL. COMP. STAT. § 5/2-1402(m)(2). If the record contains some evidence that the third party possesses assets of the judgment debtor, the court has jurisdiction to order that party to produce those assets to satisfy the judgment. Ericksen v. Rush Presbyterian St. Luke's Med. Ctr., 289 Ill. App. 3d 159, 166-67 (1st Dist. 1997) (citing Lange v. Misch, 232 Ill. App. 3d 1077, 1081 (4th Dist. 1992).

3

B. ISSUANCE OF A STAY

Royal, on its own behalf and for Krause, and Centex argue that this Court should stay the entry of any turn-over orders until the Seventh Circuit rules on the appeal. The parties offer no legal support for their request, except to say that other claimants may exist that have rights to the Respondents' funds, and that "turnover is not permitted until this Court has given these other claimants notice and the opportunity to present the basis of their claims." See Def.'s Combined Resp. and Mot. to Stay at 2. But this Court is under no obligation to notify anyone of the parties' dispute or of the turnover orders. According to 735 ILL. COMP. STAT. § 5/2-1402(g), which Royal cites in support of its assertion, if and when any potential claimants assert their claims before this Court, the Court shall then and only then allow them to present the basis of their entitlement to funds in the Respondents' possession. Otherwise, the Court must follow the well-established law of this circuit to determine whether a stay is appropriate. And in this case, the Court finds that it is not.

Under Rule 62(d), a party may obtain an automatic stay of execution of a money judgment pending appeal by posting a supersedeas bond. See BASF Corp. v. Old World Trading Co., 979 F.2d 615, 616 (7th Cir. 1992). If the party requesting a stay fails to seek or does not post a supersedeas bond, that party is not entitled to a stay as a matter of right. See Fed. R. Civ. P. 62(d); BASF, 979 F.2d at 616. In its discretion, however, the district court may waive the bond requirement. See Dillon v. City of Chi., 866 F.2d 902, 904 (7th Cir. 1988); see also Olympia Equip. Leasing Co. v. Western Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986). Before exercising its discretion, the court must first determine whether a stay is warranted.

A stay pending appeal can be granted, but only under limited circumstances. Schmude v. Sheahan, No. 00 C 4580, 2004 WL 1179418, at *3 (N.D. Ill. May 25, 2004) (Norgle, J.) ("[A]

request for a stay is a request for extraordinary relief, equitable in character, and the movant bears a heavy burden.") (citing Winston-Salem Forsyth County Bd. of Educ. v. Scott, 404 U.S. 121, 1231 (1971); Chan v. Wodnicki, 67 F.3d 137, 139 (7th Cir. 1995)). The factors to be considered in a motion of this type are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the parties interested in the proceeding; and (4) where the public interest lies. Bradford-Scott Data Corp., v. Physician Computer Network, Inc., 128 F.3d 504, 505 (7th Cir. 1997); Glick v. Koenig, 766 F.2d 265, 269 (7th Cir. 1985).

The parties offer nothing of substance to assist the Court in considering the above factors. Royal and the Respondents, in fact, failed to submit any evidence as to the likelihood of success on the merits on appeal or to the threat of irreparable injury absent a stay. Nevertheless, the Court finds it unlikely that the stay applicants in this case would suffer irreparable injury absent a stay. It is axiomatic that a failure to grant a stay pending appeal is not fatal because the party who pays a judgment pending appeal, instead of posting a supersedeas bond, is entitled to the return of its money if the judgment is reversed. See Dale M. v. Bd. of Educ. of Bradley-Bourbonnais High Sch. Dist. No. 307, 237 F.3d 813, 815 (7th Cir. 2001). We therefore find that the stay applicants in this case would not suffer irreparable harm absent a stay.

On the other hand, the Court finds that issuing a stay in this case would injure the Plaintiffs, who have a strong interest in obtaining their judgment before the judgment debtor extinguishes its available assets. It has long been recognized that the purpose of a stay is to maintain the status quo. Flynn v. Sandahl, 58 F.3d 283, 287 (7th Cir. 1995). But in this case, the issuance of a stay would actually work against the status quo. Royal did not post a supersedeas

bond prior to appeal. Thus, Plaintiffs' interest in the judgment remains unprotected. If, despite the language in the citation served upon them, Centex and Krause extinguish their existing funds, and the Seventh Circuit affirms the judgment against Royal, the Carpenters Fund would be required to litigate further to collect on the judgment, a proposition certainly unappealing to all of the parties concerned. This is precisely the situation that a supersedeas bond is designed to curb. And because Royal failed to post a supersedeas bond, public interest lies with the Plaintiffs on this point, since the parties do not dispute that the integrity of the fringe benefit plan is a major importance. Accordingly, the motion to stay the proceedings pending appeal is denied.

## C. TURN-OVER OF FUNDS

With respect to the turn-over of funds order, Centex objects on two grounds. First, Centex does not dispute that it owes money to Royal, but expresses concern that it may pay double the amount owed to Royal because it purportedly owes money to other subcontractors and material men. After making this admission, Centex had a change in tune. Centex submitted a supplemental response in which it alleges that it is not a debtor to Royal because Royal has not complied with the parties' contractual obligations. Centex's filed its supplemental response, however, over a year after it answered the citation to discover assets and after it initially responded to the Plaintiffs' motion, in which Centex admitted to owing $212,336.00 to Royal. In fact, Centex alluded to its contractual arrangements with Royal in its initial response brief, but Centex also offered to reach an accord with the parties with regard to Royal's contractual obligations. With this in mind, the Plaintiffs adopted Centex's proposed resolution, with only minor modifications. Again, Krause did not object except to ask for a stay of the proceedings, which, as set forth above, the Court denied.

After reviewing the briefs and the parties' submissions, the Court finds that Plaintiff shall recover from Respondent Krause the sum of $11,384.00. As to Respondent Centex, the parties are hereby ordered to submit an amended turn-over order which incorporates a proposed resolution between Plaintiffs, Royal and Centex, taking into account Centex's proposal and Plaintiffs' modifications. See Centex Resp. to Pl.'s Mot. [Docket 135], sec. IV., at 8; Pl.'s Reply In Support [Docket 137] at 2-3.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for entry of a turn-over order is granted as to Citation Respondent Krause. Plaintiffs' motion for entry of a turn-over order remains under advisement with instructions as to Citation Respondent Centex. Defendant Royal Builders, Inc.'s motion to stay is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 6/6/08